UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
4/3/2015 9:24 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

--------------------------------------------------------X

HICA EDUCATION LOAN CORPORATION,

               Plaintiff,

        -against-

ANA J. ROMEO a/k/a ANA I. ROMEO a/k/a
ANA I. ROMEO-LOPEZ,

              Defendant.

**DECISION & ORDER**
12-CV-5244 (ADS)(SIL)

--------------------------------------------------------X

<u>**APPEARANCES:**</u>

**Frank Steven Tate, Esq.**
*Attorney for the Plaintiff*
135A East Drive
N. Massapequa, NY 11758

**Goodfarb & Sandercock, LLP**
*Attorneys for the Defendant*
235 Main Street, 4th Floor
White Plains, New York 10601
      By: Adam M. Peska, Esq., Of Counsel

**SPATT, District Judge**.

On October 18, 2012, the Plaintiff HICA Education Loan Corporation ("HICA")

commenced this action against the Defendant Ana J. Romeo a/k/a Ana I. Romeo a/k/a Ana I.

Romeo-Lopez (the "Defendant"), alleging failure to satisfy certain promissory notes.

Presently pending before the Court is a motion by the Plaintiff for summary judgment

pursuant to Federal Rules Civil Procedure ("Fed. R. Civ. P.") 56 and an award of damages.

However, *sua sponte*, the Court finds that it lacks subject matter jurisdiction over this

action. Therefore, the complaint is dismissed without prejudice to re-file in state court and the

motion for summary judgment is denied as moot.

# I.  BACKGROUND

Unless stated otherwise, the following facts are drawn from the parties' Rule 56.1 Statements and Exhibits and construed in a light most favorable to the non-moving party, the Defendant.

A.  The Parties

HICA is a corporation organized, chartered, and existing under the laws of South Dakota.

The Defendant is a citizen of the State of New York and maintains a residence at 126 4th Avenue, Brooklyn, Kings County, New York 11217.

B.  The Underlying Promissory Notes

From 1985 to 1988, the Defendant executed four promissory notes with the original note holder, the federal Student Loan Marketing Association ("Sallie Mae").  According to the Plaintiff, such notes were "sold, transferred, and assigned" to HICA by Sallie Mae.

The notes were executed under the Health Education Assistance Loan ("HEAL") program, see 42 U.S.C. § 292, which the federal government created to "assist students seeking educational training in medical fields, and the loans are insured by the United States Department of Health and Human Services." HICA Educ. Loan Corp. v. Danziger, 900 F. Supp. 2d 341, 342 (S.D.N.Y. 2012).

The underlying notes are identified as follows: (1) HEAL Promissory Note dated August 21, 1985, from the Defendant payable to The Chase Manhattan Bank, NA, New Hyde Park, NY, in the original amount of $15,000.00 ("Note No. 11"); (2) HEAL Promissory Note dated August 11, 1986, from the Defendant payable to The Chase Manhattan Bank, NA, New Hyde Park, NY, in the original amount of $10,000.00 ("Note No. 12"); (3) HEAL Promissory Note dated October 13, 1985 from the Defendant payable to The Chase Manhattan Bank, NA, New Hyde Park, NY,

in the original amount of $10,000.00 ("Note No. 13"); and (4) HEAL Promissory Note dated June 23, 1988, from the Defendant payable to The Chase Manhattan Bank, NA, New Hyde Park, NY, in the original amount of $15,000.00 ("Note No. 14").

C. Procedural History

As noted above, on October 18, 2012, the Plaintiff commenced the present action.

On March 18, 2013, the Clerk of the Court noted the default of the Defendant.

On March 29, 2013, the Defendant filed an Answer.  However, she has not moved to vacate the default, nor has HICA moved for a default judgment.

Rather, on December 1, 2014, the Plaintiff moved for summary judgment.

## II. DISCUSSION

A. Legal Standards Governing Subject Matter Jurisdiction

Federal courts have "an independent obligation to determine whether subject matter jurisdiction exists, *even in the absence of a challenge from any party*." Danziger, 900 F. Supp. 2d at 342 (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)(emphasis added).  Because subject matter jurisdiction "involves the court's power to hear a case, [it] can never be forfeited or waived." Arbaugh, 546 U.S. at 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097.

It is the "plaintiff [who] has the burden to prove subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  If the plaintiff fails to do so and the court in its inquiry determines, at any time, that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

B. <u>Whether Subject Matter Jurisdiction Exists in this Case</u>

Federal courts are empowered to exercise jurisdiction over two types of cases: (1) cases involving a "federal question" in which there is a colorable claim that "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) cases between "citizens of different states" in which the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

Here, HICA invokes U.S.C. § 1331 as the basis for subject matter jurisdiction, contending that its claims "arise under the Constitution, laws, or treaties of the United States" as "Plaintiff seeks enforcement of an indebtedness arising under the [HEAL Statutes and Regulations]." (Compl. ¶ 3).

However, the Court agrees with the "district courts within this Circuit [that] have determine[d] that federal courts do not have subject matter jurisdiction over actions to recover payments due on loans issued pursuant to the HEAL Statutes and Regulations." <u>HICA Educ. Loan Corp. v. Rivera</u>, No. 12-CV-1261 (DRH), 2014 WL 5570492, at *2 (E.D.N.Y. Nov. 4, 2014); <u>see e.g.</u>, <u>HICA v. Meyer</u>, No. 12 Civ. 4248 (DLC), 2014 WL 1694928, at *2 (S.D.N.Y. Apr. 23, 2014); <u>HICA v. Kotlyarov</u>, 2013 WL 4007582, at *3 (S.D.N.Y. Aug. 6, 2013)(collecting cases), <u>report and recommendation</u> <u>adopted by</u> <u>HICA Educ. Loan Corp. v. Kotlyarov</u>, No. 11 CIV. 1050 (DAB), 2013 WL 4617424, at *1 (S.D.N.Y. Aug. 29, 2013).

For example, in <u>HICA v. Danziger</u>, 900 F. Supp. 2d 341, 343 (S.D.N.Y. 2012), the Court held that although "HEAL program loans are creatures of federal statutes and regulations" jurisdiction did not exist as "the fact that HEAL loans are regulated does not bear on the issue of whether [defendant] defaulted." 900 F. Supp. 2d at 343. Further, the Court found that "although

a default on a HEAL program loan is a violation of a federal regulation, this action to recover on a promissory note [did] not require the Court to decide a substantial federal issue." Id.

In addition, in addressing this question, the majority of courts outside of this circuit reached the same conclusion. See e.g. HICA Ed. Loan Corp. v. Waters, No. SACV 11–01262–(JST)(MLGx), 2011 WL 10653941, 2011 U.S. Dist. LEXIS 130385, at *2 (C.D. Cal. Nov. 7, 2011)("An action for default [judgment] on a promissory note, executed under the HEAL program,. . . is insufficient to establish federal-question jurisdiction."); HICA Ed. Loan Corp. v. McKinney, No. 10–1205–CV–W–(ODS), 2011 WL 10653873, 2011 U.S. Dist. LEXIS 77716, at *2 (W.D. Mo. July 18, 2011)("The Court lacks subject matter jurisdiction over HICA's claims.").

On this issue, the Supreme Court of the United States has stated federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257 (2005).

In this regard, although HICA correctly notes that defaulting on a HEAL loan is a violation of certain federal regulations, "the Supreme Court has made clear that a mere violation of a federal statute for which Congress has not established a federal cause of action 'does not state a claim arising under the Constitution laws, or treaties of the United States,' even when the violation is an essential element of a state law cause of action." Kotlyarov, 2013 WL 4007582 at *2 (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 817, 106 S. Ct. 3229, 3236–37, 91 L. Ed. 2d 650 (1986).

HICA "presents no discernable federal issue at all, let alone one that either is disputed or substantial. Rather, the sole issue in the case is whether HICA is entitled to collect [the Defendant's four] defaulted promissory notes." Kotlyarov, 2013 WL 4007582 at *2. Such an action, "[a]t most, . . . requires reference to an interest rate calculated by the Secretary of the Department of Health and Human Services. . ." to which "[a] state court is competent to apply federal law to the extent it is relevant." Danziger, 900 F. Supp. 2d at 343; Kotlyarov, WL 4007582 at *3 ("Indeed, [Health and Human Service's] own website appears to contemplate a state court suit. . . .").

Nor does "[t]he federal government's interest in HICA's collection of a defaulted student loan [] transform HICA's state law claim into one that necessarily raises a disputed and substantial federal issue." Danziger, 900 F. Supp. 2d at 343. Thus, in the Court's view, "this is an ordinary contractual dispute that does not raise any issue requiring interpretation of federal law, and certainly not a 'contested and substantial federal question.'" Meyer, 2014 WL 1694928, at *2 (citing Grable, 545 U.S. at 313, 125 S. Ct. 2363). Absent a showing of "significant conflict . . . between an identifiable federal policy or interest and the operation of state law," Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 693, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (internal quotations omitted), "there is no reason why HICA's claim could not be adjudicated effectively in state court or why it is necessary to bring the action in a federal forum." Kotlyarov, WL 4007582, at *3.

Also, *sua sponte*, The Court also considers whether it has diversity jurisdiction under 28 U.S.C. § 1332. HICA is a South Dakota corporation and the Defendant is a New York citizen. However, the amount in controversy, calculated "at the time the action is commenced," is less

than $75,000. <u>Meyer</u>, WL 1694928, at *2. Therefore, the Court finds that it also lacks diversity jurisdiction over this case under 28 U.S.C. § 1332.

These conclusions are unaltered by the fact that the Defendant defaulted. This is because "it is the Court's duty to dismiss a complaint at any time when there is no basis for subject matter jurisdiction, regardless of whether a default has been entered." <u>Leonard J. Strandberg & Associates v. Misan Const. Corp.</u>, No. 08CV2939 (SJF)(ETB), 2010 WL 1565485, at *7 (E.D.N.Y. Apr. 19, 2010).

In sum, HICA has failed to demonstrate that subject matter jurisdiction is proper in this case. Under these circumstances, "dismissal is mandatory." <u>Yong Qin Luo v. Mikel</u>, 625 F.3d 772, 775 (2d Cir. 2010)(quotation omitted).

### III. CONCLUSION

For the foregoing reasons, (1) *sua sponte,* the Court finds that it lacks subject matter jurisdiction over this action; (2) the complaint is dismissed without prejudice to re-file in state court; (3) the motion for summary judgment is denied as moot; and (4) the Clerk of the Court is respectfully directed to close the case.


**SO ORDERED.**
Dated: Central Islip, New York
April 3, 2015


   *Arthur D. Spatt*             
    ARTHUR D. SPATT
  United States District Judge